Marcie E. Schaap #4660
Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:      (801) 201-1642
Facsimile:      (801) 272-6350
E-mail:           marcie@marcieeschaap.com

Attorney for Plaintiff

---

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| B.Z., ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:17-CV-01052-DB |
| INTHINC TECHNOLOGY SOLUTIONS, ) | |
| INC., and CIGNA HEALTHCARE, INC., ) | Judge Dee Benson |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, B.Z., received medical services from IHC Health Services, Inc. ("Intermountain"

herein), from August 28, 2014, through September 20, 2014 ("Dates of Service" herein).

2.      Intermountain operates several hospitals in the Intermountain Area, including UTAH

VALLEY HOSPITAL ("UVH" or the "Hospital"), in Provo, Utah.

3.      INTHINC TECHNOLOGY SOLUTIONS, INC. ("ITS") is a Utah corporation.

4.      ITS provided an employee benefit plan (the "Plan") for its employees and their beneficiaries.

5.      CIGNA HEALTHCARE, INC. ("Cigna") is a foreign corporation.

6.      ITS and Cigna shall be jointly referred to herein as the "Defendants."

7.      ITS contracted with Cigna to insure the Plan.

8.      Cigna was, at all relevant times herein, an agent of ITS.

9.      Cigna was, at all relevant times herein, the health insurer for B.Z.

10.     B.Z. was, at all times relevant hereto, a resident of the State of Utah.

11.     This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills resulting from health care services provided by Intermountain for which the Defendants agreed to pay but refused to pay once claims were submitted.

12.     This is an action brought under ERISA. This Court has jurisdiction of this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

13.     The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for interest and attorneys' fees under 29 U.S.C. §1132(g), for

statutory penalties under 29 U.S.C. §1132(c)(1), and for other appropriate equitable relief under 29 U.S.C. §1132(a)(3).

## FACTUAL BACKGROUND

### A.   Medical Treatment

14.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

15.   The billed charges for B.Z.'s claim totaled $189,361.01.

16.   The Defendants have paid only $60,557.46 (approximately 32% of the billed charges) for this claim.

17.   A balance of $128,803.35 is still due to the B.Z. by the Defendants for the services B.Z. received from Intermountain.

### B.   Claims and Claim Processing

18.   The Hospital submitted claims on behalf of B.Z. in a timely manner to the Defendants and/or their agents for B.Z.'s treatment.

19.   The Defendants and/or their agents denied the majority of the claims by contending that the treatment was performed out of network.

20.   Plaintiff's treatment was due to an emergent health condition that prevented her from seeking treatment at an in-network provider.

21.   At the time of treatment, Plaintiff was a 52-year-old woman.

22.   Plaintiff was brought to the Hospital's Emergency Department after a bicycle accident in which she lost consciousness. She had a Glasgow Coma Score of 10 and a blown right pupil.

3

23.     At the Hospital, Plaintiff was unable to follow commands, had numerous abrasions, and imaging examinations revealed compression fractures of T5 or T6, petechial hemorrhage in the right medial posterior temporal lobe, moderate upper mediastinal hematoma with bilateral pneumothoraces, possible sternal buckle fracture, right 2nd rib fracture, and pneumomediastinum without aortic injury.

24.     Plaintiff was admitted to the shock trauma unit for close monitoring and treatment as indicated for her traumatic injuries.

25.     While hospitalized, Plaintiff received hourly vital signs and neurological checks, with continuous cardiac and oxygen saturation monitoring. Later that evening, hemiparesis was noted, and Plaintiff returned for another CT which showed a new stroke in the left temporal area. Further CT imaging with angiography of the brain showed a new thrombus within the distal cervical intracerebral artery and the middle cerebral artery on the left. Additionally, thrombus and/or dissection was noted in the left internal carotid artery. A repeat CT of the neck revealed compression of the innominate vein due to a dislocated sternoclavicular joint. Significant cerebral edema was developing; mannitol was given.

26.     On September 1, 2014, Plaintiff underwent surgery for repair of the right sternoclavicular joint with semitendinosus allograft in a figure-of-eight fashion through the medial clavicle and manubrium. Her medical treatment plan was adjusted based on clinical findings.

27.     Plaintiff was provided physical, occupational, and speech therapy services. Her recovery was very slow. She required nutritional support via a feeding tube, maximal assistance with bed mobility, and maximal assistance for activities of daily living. She was a total assist

for comprehension, problem solving, and memory. On September 20, 2014, she was deemed to be medically stable for discharge to acute inpatient rehabilitation.

28.   This Emergency Department presentation and subsequent inpatient ICU admission were medically necessary to treat both cerebral bleeding and cerebral thrombus, complicated by carotid artery dissection, and orthopedic injuries, all as a result of a traumatic biking accident. Plaintiff was not able to direct her care due to her altered mental status and was not stable for transfer to another facility. All care was provided in accordance with current medical guidelines under the direction of the treating and consulting physicians as indicated by clinical findings and ongoing assessments, and tailored to Plaintiff's unique and complex health care needs.

29.   The Plaintiff or her agent submitted timely appeals to the Defendants and/or their agents.

30.   The Plaintiff or her agent attempted to contact the Defendants and/or their agents on many occasions to appeal the denial of this claim, but the Plaintiff's attempts were futile.

31.   The Plaintiff or her agent has also attempted to communicate with the Defendants on many occasions by phone as set forth in the electronic and written records kept by the Plaintiff of the communications she has had with the Defendants and/or their agents during the claim and appeal processes.

32.   A copy of the Plaintiff's communication records was sent to the Defendants prior to this litigation being filed.

33.   The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment the Hospital rendered.

34.     A balance of $128,803.55, plus interest, remains due to the Plaintiff from the Defendants for the treatment the Hospital rendered to Plaintiff.


**FIRST CAUSE OF ACTION**
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

35.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

36.     The Plaintiff has submitted all proof necessary to the Defendants to support her claims for payment.

37.     The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

38.     The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff and/or the Hospital, or available to it, which has caused the Defendants to deny a large portion of this claim.

39.     The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of a large portion of the claim for Plaintiff's treatment.

40.     The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

41.     The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

42.    The actions of the Defendants and/or their agents, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

43.    The actions of the Defendants and/or their agents have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

44.    The Defendants are responsible to pay the balance of the claim for Plaintiff's medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

<u>**SECOND CAUSE OF ACTION**</u>
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

45.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

46.    Defendants have breached their fiduciary duties under ERISA in the following ways:

A.    Defendants have failed to discharge their duties with respect to the Plan:

    1.    Solely in the interest of the participants and beneficiaries of the Plan and

    2.    For the exclusive purpose of:

        a.    Providing benefits to participants and their beneficiaries; and

        b.    Defraying reasonable expenses of administering the Plan.

    3.    With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

    4.    By failing to fully investigate the Plaintiff's claims.

5.    By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

6.    And in other ways to be determined as additional facts are discovered.

47.    The actions of the Defendants in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

48.    In addition, as a consequence of the breach of fiduciary duties of the Defendants, the Plaintiff has been required to obtain legal counsel and file this action.

49.    Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

50.    Therefore, the Plaintiff is entitled to payment of the medical expenses she incurred in receiving treatment from the Hospital, as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $128,803.55, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2.    For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in

the amount of $128,803.55, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3.     For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 20th day of September, 2017.

MARCIE E. SCHAAP, ATTORNEY AT LAW

By:___/s/ Marcie E. Schaap_____
            Attorney for Plaintiff